■ In the Matter of AUDREY PP., Alleged to be a Neglected

Child. MADISON COUNTY CHILD PROTECTIVE SERVICES, Respondent; FLOYD PP., Appellant, et al., Respondent.—Mercure, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered September 14, 1987, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

Following hearings pursuant to Family Court Act §§ 1044 and 1045, Family Court made a finding that respondents' daughter, Audrey PP., was a neglected child due to her poor hygiene, body odor and dirty clothes, and placed her with respondents, under petitioner's supervision, for a period of one year with direction that she be bathed at least once daily and sent to school with clean clothes, clean hair, without body odor and in a neat and well-groomed appearance. At the first court appearance, counsel for petitioner suggested that a Law Guardian be appointed to "help facilitate the interests of [Audrey]". Family Court responded, "I just have trouble tying up the resources of the court. [Audrey] obviously is going to be protected by [petitioner]." Respondent Floyd PP. appeals.

Although the record provides more than adequate factual support for Family Court's finding of neglect, we must nevertheless reverse since no Law Guardian was appointed to represent the child's interests. Fundamental due process requires rigid adherence to the requirements of Family Court Act § 249 (a). The participation of a Law Guardian is so essential to the best interests of the allegedly neglected child that the failure to make a request for appointment of a guardian or to object to Family Court's refusal to make such appointment at a time when the error could be corrected is immaterial (see, Matter of Cardinal [Munyan], 30 AD2d 444, 446-447; see also, Matter of Orlando F., 40 NY2d 103, 112; Matter of Jonathan D., 62 AD2d 947, lv denied 45 NY2d 706).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this court's decision. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.