■ In the Matter of DARLENE R. FORTNER, Respondent, v EDWARD BENSON, Appellant. (And Another Related Proceeding.) [760 NYS2d 274] —Peters, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered March 18, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

By order of Family Court, petitioner was granted both legal and physical custody of the parties' daughter, Shaelee (born in February 1997), and respondent received liberal visitation. Approximately two years later, petitioner sought to modify this order due to respondent's aggressive behavior and his inappropriate sleeping accommodations for Shaelee during visitations. At preliminary appearances before Family Court, alcohol, drug and psychological evaluations were ordered. Prior to the hearing on this petition, respondent attempted suicide by ingesting antifreeze; he was in a comatose state for six days requiring life support. After a hearing, Family Court determined that there was a sufficient change in circumstances warranting supervised visitation. Respondent appeals and we affirm.

A modification of an existing custody order must be based upon a sufficient change in circumstances demonstrating a

"real need" (*Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002], quoting *Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903, 903 [1992]) to insure that the best interests of the child will be continued (*see Matter of Nicole VV., supra* at 611; *Matter of Glaser v McFadden,* 287 AD2d 902, 904 [2001]). When making this determination, a court is required to consider numerous factors (*see Matter of Thompson v Thompson,* 267 AD2d 516, 517-518 [1999]; *Matter of Perry v Perry,* 194 AD2d 837, 837 [1993]) and its findings will not be disturbed if there exists a sound and substantial basis to support them. Deference is typically accorded to such findings since the court has the benefit of observing the witnesses' demeanor and is in the best position to assess credibility (*see Matter of Simpson v Simrell,* 296 AD2d 621, 621 [2002]; *Matter of Thompson v Thompson, supra* at 518).

Respondent testified that despite his recognition that all of his involvement with domestic violence has stemmed from his use of alcohol and his inability to control his anger, he has participated in only one counseling session after his suicide attempt in August 2001 despite recommendations from various health care providers.* While respondent recognizes the harm he caused to himself and others by his suicide attempt, he blamed it upon petitioner for trying to restrict his contact with Shaelee. Respondent's psychological evaluation revealed his lengthy history of domestic violence against both petitioner and his current spouse. In light of this history and his recent suicide attempt, the psychologist opined that supervised visitation was necessary to protect Shaelee from such volatility despite their strong bond. In our view, the totality of this evidence supports Family Court's determination that supervised visitation was necessary.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* He is currently taken Paxil and Ziprexa, medications for anxiety and depression.