■ In the Matter of ARLENE R. MORIN, Respondent, v MIRCEA D. STANCU, Appellant. (And Another Related Proceeding.) [766 NYS2d 128] —Crew III, J.P. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered August 30, 2002, which, inter alia, dismissed respondent's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.

By order entered June 16, 1999, the parties agreed to joint legal custody of their daughter, Shannon (born in 1996), and a shared parenting schedule, which essentially called for the child to spend 3½ days each week with each parent. Shortly thereafter, Shannon resided with respondent for a period of four to eight weeks (depending upon which party is to be believed) while petitioner gave birth to another child. The parties then resumed the schedule set forth in the June 1999 order and continued along this path until March 2000, when Shannon resided with respondent for three to six weeks (again, the period of time is in dispute) due to petitioner's lack of reliable transportation. The shared parenting schedule resumed once again, although petitioner's possible relocation out of state prompted the parties to discuss alternate arrangements. Although the subsequent "agreement" was not reduced to writing, petitioner testified that she understood that respondent would have physical custody of Shannon for a one-year period beginning in June 2000, during which time petitioner would have visitation with the child for 1½ days each weekend. At the end of that one-year period, petitioner believed, the arrangement would reverse and she would have physical custody of Shannon for one year beginning in June 2001, with weekend visitations to respondent. This alternating physical custody arrangement would, in petitioner's view, be beneficial to both the parties and Shannon in that it would afford each parent, during his or her custodial year, greater access to Shannon and more stability overall.

It appears that Shannon resided with respondent from June 2000 to June 2001, at which point in time he declined to return Shannon to petitioner. Following unsuccessful attempts at mediation, petitioner and respondent each petitioned Family Court for modification of the prior custody order and sought to be awarded sole custody of Shannon.* Following a hearing, Family Court, inter alia, concluded that neither party had shown the requisite change in circumstances to warrant modification and, hence, denied the respective petitions. This appeal by respondent ensued.

We affirm. To be sure, a stipulated custody agreement is entitled to less weight than a custody determination rendered following a plenary trial (*see Matter of Murray v McLean,* 304 AD2d 899 [2003]). Nonetheless where, as here, the parties have entered into a voluntary joint custody agreement, such agreement will not be cast aside "unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child[ ]" (*Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]; *see Matter of Blanchard v Blanchard,* 304 AD2d 1048 [2003]).

Although respondent does not dispute that the foregoing constitutes the appropriate rule of law to be applied to these proceedings, he contends that the "de facto" custody arrangement between the parties should be considered the custody agreement for purposes of our analysis. Respondent's argument in this regard is flawed in two respects. First, it is all but impossible to ascertain which deviation from the June 1999 agreement would most appropriately be considered the "de facto" custody arrangement. Petitioner and respondent departed from the original stipulation on more than one occasion and contemplated their custodial periods with Shannon taking on a variety of forms. The only point that is clear is that by the time of trial, the parties had reverted to the terms of the June 1999 stipulation and order. Additionally, although the parties' departure from the original agreement and the interruptions in petitioner's custodial periods indeed are factors to consider in determining whether a change in circum-

---

* It is unclear where Shannon resided between June 2001 and November 2001. Petitioner testified that Shannon resided with respondent until September 2001, at which time the parties reverted to the shared parenting schedule. Respondent, on the other hand, testified that Shannon remained with him until these proceedings were instituted in November 2001, at which time Family Court ordered the parties to comply with the provisions of the prior custody order.

stances has occurred, the mere fact that the parties did not scrupulously honor their original agreement is not dispositive.

Based upon our review of the record as a whole, and giving due consideration to the various factors that must be considered in determining whether a sufficient change in circumstances has in fact occurred (*see Matter of Crocker v Crocker,* 307 AD2d 402, 402 [2003]), we agree with Family Court that the parties did not meet their respective burdens of demonstrating a need for modification of the original custody stipulation as embodied in the June 1999 order. As noted previously, petitioner did temporarily relinquish custody on three occasions, but petitioner testified as to the reasons underlying such decisions—namely, the birth of another child, a lack of reliable transportation and her mistaken belief that she and respondent had agreed to alternate physical custody of Shannon on an annual basis. Hence, we do not view the disruption in petitioner's custodial periods as providing a sufficient basis for modification. We reach a similar determination as to the balance of the record. Simply stated, the fact that one parent may read to the child more often than the other or dress the child in more fashionable clothes or possess a better working relationship with the child's teacher does not provide a basis for alteration of an established custody arrangement. On balance, the record reflects that petitioner and respondent are fit and loving parents, and whatever parenting deficiencies each may possess does not render either of them unfit to serve as Shannon's custodian.

As a final matter, we cannot say that Family Court erred in continuing the joint custody arrangement. While it is apparent that petitioner and respondent have had their differences with regard to Shannon's education and religious upbringing, the record does not reveal the existence of two parents so embattled and embittered as to effectively preclude joint decision making. Accordingly, an award of sole custody to either parent simply is not warranted on this record. Family Court's order is, therefore, in all respects affirmed.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

