In the Matter of DONALD J. HITCHCOCK, Respondent, v BETH A. KILTS, Respondent. JOSEPH NALLI, as Law Guardian, Appellant. (And Two Other Related proceedings.) [772 NYS2d 386]—

Peters, J. Appeals (1) from an order of the Family Court of Otsego County (Coccoma, J.), entered March 19, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, (2) from an order of said court, entered March 19, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection against respondent, and (3) from an order of said court, entered March 19, 2003, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to reinstate a prior order of custody.

In 1998, Family Court memorialized the parties' agreement by awarding sole custody of their children, Nathan (born in 1993) and Ryan (born in 1995), to respondent with visitation to petitioner. During an extended visitation period in 2002, Nathan disclosed to petitioner that respondent had dragged him by the hair, poured Tabasco sauce down his throat and slapped him.

Based upon these allegations, petitioner filed a family offense petition and sought to modify the custody order. Family Court issued a temporary order awarding custody to petitioner and respondent sought to reinstate the prior order.

At the fact-finding hearing, numerous witnesses were called including Ryan's social worker who could not confirm the allegations other than respondent's use of Tabasco sauce. Nathan's social worker testified that Nathan had expressed a fear of respondent and did not dispute the allegations. Petitioner testified about the circumstances surrounding the disclosure, adding that Nathan reported that respondent threw him into his room, causing him to land on his toys and hit his head on a dresser. According to petitioner, these accounts, confirmed by Ryan, were typical of respondent's violent tendencies.

Respondent also called numerous witnesses, including a child protective services investigator, who testified that Ryan "had a very exaggerated story" which was inconsistent with the facts; no credible evidence was found to support the allegations. Respondent denied the allegations but did admit that she put Tabasco sauce on the children's tongues as a punishment until she was told by a caseworker that it was inappropriate. Respondent thereafter detailed the children's exposure to the extensive domestic violence present in the household when petitioner resided with her.

After a *Lincoln* hearing and the conclusion of all testimony, Family Court rendered a decision which credited respondent's denial of the abuse and found the children's disclosures to have been embellished. Finding no evidence of a family offense or a change in circumstances warranting a modification of the prior custody agreement, Family Court reinstated the 1998 custody order and dismissed petitioner's modification and family offense petitions. The Law Guardian appeals.

Focusing solely on the custodial determination as the only issue raised on appeal, it is settled that a preexisting custody order will not be disturbed unless there is " 'a showing of a change in circumstances which reflects a definite need for modification to ensure the best interest[ ] of the child[ ]' " (*Matter of Hrynko v Blaha*, 271 AD2d 714, 716 [2000], quoting *Matter of Thompson v Thompson*, 267 AD2d 516, 517 [1999]; *see Matter of Morin v Stancu*, 309 AD2d 1035, 1037 [2003]; *Matter of Crocker v Crocker*, 307 AD2d 402, 402 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]; *Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]). In reaching that determination, the court considers numerous well-established factors (*see Matter of Thompson v Thompson, supra*

at 517-518; *Matter of Perry v Perry*, 194 AD2d 837, 837 [1993]) and its findings will not be disturbed if there exists a sound and substantial basis of support in the record (*see Matter of Fortner v Benson*, 306 AD2d 577, 578 [2003]).

We find the record to fully support the characterization of the children's descriptions as "embellished." We also find support for Family Court's findings that the children had been exposed to an ongoing pattern of domestic violence which had an emotional impact on them which was only alleviated, in part, when the parties finally separated; the testimony characterizing petitioner as the initial aggressor was not rebutted and, thus, supported the determination that a change in custody to petitioner would not promote the best interests of the children.

As deference is typically accorded to the findings made by Family Court, since it has the unique opportunity to observe the witnesses' demeanor and is in the best position to assess the witnesses' credibility (*see id.* at 578), we find no basis upon which we would disturb the determination rendered. We reject the contention that the court granted undue significance to the prior custody order or failed to consider the contrary view expressed by the Law Guardian (*see Matter of McGivney v Wright*, 298 AD2d 642, 644 [2002], *lv denied* 99 NY2d 508 [2003]; *Matter of Perry v Perry, supra* at 838).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.