■ In the Matter of JASON P. COLE, Respondent, v GEORGIANNA E. REYNOLDS, Appellant. [778 NYS2d 202]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 5, 2003, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the biological parents of a daughter, born in 1998. In November 2000, the parties entered into a stipulation providing for joint legal custody and alternating physical custody, with the child residing with petitioner four days and nights per week and with respondent three days and nights per week. This arrangement continued until September 2002, at which time petitioner commenced the instant modification proceeding seeking sole legal and physical custody of the child. Family Court thereafter issued a temporary order granting petitioner custody of the child and limiting respondent's visitation. The matter proceeded to a hearing, at the conclusion of which Family Court, inter alia, granted petitioner sole custody of the child and awarded respondent visitation on alternating weekends. This appeal by respondent ensued.

"[W]here, as here, the parties have entered into a voluntary joint custody agreement, such agreement will not be cast aside 'unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child[ ]' " (*Matter of Morin v Stancu*, 309 AD2d 1035, 1036 [2003], quoting *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]; *see Matter of Crocker v Crocker*, 307 AD2d 402 [2003], *lv denied* 100 NY2d 515 [2003]). Based upon our review of the record as a whole, we are satisfied that petitioner met that burden here. The parties' respective witnesses portrayed two very different assessments of respondent's lifestyle, home environment and parenting skills. According to petitioner and his witnesses, respondent places her own needs above those of her daughter, runs what amounts to a flophouse for transient teenagers and ex-boyfriends, lives in absolute squalor in a residence dominated by dog feces and garbage and frequently leaves the child to bathe or play outside unsupervised. Petitioner also testified that the child frequently returned from respondent's care with various illnesses or infections, including lice, and that respondent failed to give the child prescribed medication. Respondent, on the other hand, testified that she rarely socializes outside her home and stated that, although she occasionally provides shelter for friends for brief periods of time, such individuals are not a daily part of her household. As to the actual condition of her residence, which friends and family members characterized as "normal" and "livable," respondent noted that she is in the process of remodeling and asserted that while the house may at times appear cluttered, it is not unsafe or unsanitary. Respondent also denied any ongoing medical problems with the child and testified that she bathed the child on a daily basis. In short, Family Court was presented

with conflicting facts and events which, at the end of the day, distilled to a credibility determination. Family Court, having had the opportunity to hear the witnesses' testimony firsthand and observe their demeanor, plainly elected to resolve the credibility issues in favor of petitioner and, as its determination in this regard has a sound and substantial basis in the record, we see no reason to disturb it (*see Matter of Ebel v Urlich*, 273 AD2d 530, 531 [2000]).

To the extent that respondent contends that Family Court erred in failing to appoint a law guardian for the child, "the case law makes clear that, although the appointment of a Law Guardian in a contested custody matter remains 'the preferred practice,' such appointment is discretionary, not mandatory" (*Matter of Lips v Lips*, 284 AD2d 716, 716 [2001], quoting *Matter of Davis v Davis*, 269 AD2d 82, 85 [2000]). Based upon the particular facts of this case, we perceive no abuse of Family Court's discretion in this regard. Accordingly, Family Court's order is in all respects affirmed.

Mugglin and Lahtinen, JJ., concur.

Spain, J. (dissenting). Because we believe Family Court abused its discretion in failing to appoint a law guardian to represent the child, we respectfully dissent. Petitioner's petition contains a litany of specific factual allegations which raise serious concerns about the safety and well-being of the child. In addition to the allegations of inadequate supervision and unsanitary living conditions pointed out by the majority, petitioner alleged that one of the teenagers living part time with respondent had threatened to kill an administrator from the Board of Cooperative Educational Services, that the child—on medication for breathing problems—always smelled of cigarette smoke on her return to petitioner, that, on one occasion, the child was returned with a cigarette burn on her stomach, that another teenager living part time with respondent was observed by a school nurse masturbating in the school parking lot, that while the child was bathing unattended at respondent's home one of the residents, a male adult, entered the bathroom and urinated in front of the child, that the child's bed clothes were observed to be filthy and that the child's half brother, who was frequently absent and tardy from school, had been reporting to school in dirty clothes and smelling of urine. At the two-day hearing, the parents called a total of 15 witnesses who portrayed two very different assessments of respondent's lifestyle, home environment and parenting skills, creating issues of credibility which the court resolved in favor of petitioner.

Although this is not a neglect proceeding, petitioner's allega-

tions clearly rise to the level of neglect. Family Court certainly recognized the seriousness of these allegations when it permitted witnesses at the hearing to testify to the child's out of court statements by invoking the hearsay exception contained in Family Ct Act § 1046 (a) (iv), which renders admissible statements by the child relating to acts of abuse or neglect. Respondent's failure to make a request for a law guardian to represent the child is immaterial. Indeed, the participation of a law guardian is essential to the best interests of an allegedly abused or neglected child (*see* Family Ct Act § 249 [a]; *Matter of Audrey PP.*, 144 AD2d 723, 724 [1988]). In our view, the court should have appointed a law guardian at the very beginning of this proceeding, sua sponte, without prompting from either parent and its failure to do so has deprived this child of the opportunity to have her own advocate to conduct an investigation, examine the witnesses produced by the parents and, if necessary, present additional witnesses and other evidence to assure that all issues related to her best interests were presented to the court for its consideration (*see* Family Ct Act § 241; *Matter of Michael JJ.*, 200 AD2d 80, 83 [1994] [Cardona, P.J., concurring in part and dissenting in part]).* Thus, although we agree that the record provides adequate support for Family Court's final determination, we would reverse solely on the basis that no law guardian was appointed to represent the child (*see Matter of Audrey PP., supra* at 724).

Peters, J., concurs. Ordered that the order is affirmed, without costs.

---

* We are further troubled that Family Court encouraged the parents and their attorneys—before the commencement of the trial and despite the seriousness of the allegations—to settle the custody issue between themselves without providing an advocate for the child to participate in settlement discussions.