In the Matter of AMY D. SCHERMERHORN, Respondent, v KATHLEEN A. BREEN, Appellant. (Proceeding No. 1.) [777 NYS2d 790]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered December 18, 2002, which, inter alia, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 8, for orders of protection, and (2) from an order of said court, entered December 18, 2002, which, inter alia, dismissed the parties' applications, in proceeding Nos. 2 and 3 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Otis B. Schermerhorn, Jr. (hereinafter the father) and Kathleen A. Breen (hereinafter the mother), who never married, are the parents of a son (born in 1997). In September 2001, following various proceedings between the father and the mother, Family Court awarded sole custody of their child to the father, with visitation to the mother on alternate weekends "together with such additional, liberal rights of visitation as to which both parties may hereafter agree." The following month, the father married petitioner Amy D. Schermerhorn (hereinafter the stepmother).

In May 2002, the stepmother commenced a family offense proceeding in Family Court accusing the mother of aggravated harassment in the second degree following a series of phone calls. The father petitioned for a modification of the prior custody and visitation order, requesting that the mother's visits be supervised. Thereafter, the mother commenced a separate modification proceeding seeking sole custody of her son. Following a hearing, Family Court found no change in circumstances warranting a modification of its prior order and dismissed both custody petitions. The court also denied a motion to dismiss the

family offense petition and issued two orders of protection against the mother. The mother appeals.*

We affirm. An existing child custody or visitation order will not be modified unless there is "a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Fortner v Benson*, 306 AD2d 577, 577-578 [2003]; *Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]). Since Family Court is in the best position to assess the witnesses' demeanor and credibility, we defer to its factual findings so long as they have a sound and substantial basis in the record (*see Matter of Hitchcock v Kilts*, 4 AD3d 652, 654 [2004]; *Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]). In the instant matter, Family Court credited the father's testimony over that of the mother and, thus, did not accept her claims of changed circumstances, including her allegations of domestic violence and alienation of affection. Family Court also found that the child was thriving in his present custodial arrangement. According deference to Family Court's credibility findings, which have a sound and substantial basis in the record, we find no basis to disturb the determinations rendered. The mother's remaining contentions have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Inasmuch as the mother, as limited by her brief, does not address the order granting the two orders of protection, her appeal from that order is deemed abandoned (*see Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]; *Matter of Senator NN.*, 305 AD2d 819, 820 [2003]).