■ In the Matter of DELPHINA MOORE, Appellant, v TIMOTHY BARRETT, Respondent. [786 NYS2d 825]—

Peters, J.P. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered January 22, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

At the time of the commencement of this proceeding, the parties' son was 16 years old. The child had resided with petitioner and her mother in Oneida County until he was placed with the Department of Social Services into the Kids Peace Program as a result of a juvenile delinquency charge. In June 2002, respondent, residing in Madison County, was granted custody of the child upon the child's release from that program. In October 2003, petitioner commenced this proceeding seeking to modify the award of custody* by alleging that respondent threw the child out of his home, and that the child was once again residing with petitioner and her mother.

Respondent, proceeding pro se, testified at a hearing before Family Court that he had a heated argument with the child about his skipping school. He told the child that "if you don't like it here, there's the door. Go use it"; the child left. Respondent explained that he was angry at the time, did not mean for the child to take the statement literally and that shortly after he left, respondent asked him to return home. During the child's testimony, he expressed dissatisfaction with respondent's rules, which required him to go to school, complete homework and chores, feed the dog and introduce his friends to respondent. Petitioner testified that she is currently residing with and being supported by her mother; there are eight children and four adults residing in four bedrooms. Although petitioner stated that she tried to enroll the child in school and continue him in counseling when he moved back with her, neither took place. The child was permitted to languish even though he was enrolled in school near respondent and could have continued his counseling, even on a temporary basis. Upon Family Court's denial of petitioner's application, this appeal ensued.

We affirm. To modify an existing custody order, there must be " 'a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Cornell v Cornell*, 8 AD3d

* Petitioner filed a petition for enforcement which Family Court, upon consent of the parties, treated as a petition for modification of the June 2002 order.

718, 719 [2004]). When making this determination, numerous factors, which could include a child's preference, must be reviewed and weighed (*see Matter of Cornell v Cornell, supra* at 719; *Grandin v Grandin,* 8 AD3d 710, 712 [2004]). However, such preference, even from a child of this age, will not be determinative (*see Dintruff v McGreevy,* 34 NY2d 887, 888 [1974]; *Matter of Cornell v Cornell, supra* at 719).

With deference to the findings made by Family Court, we find no basis to disturb its determination since it is supported by "a sound and substantial basis in the record" (*Matter of Schermerhorn v Breen, supra* at 710; *see Matter of Murray v McLean,* 304 AD2d 899, 900 [2003]). Despite petitioner's contentions, Family Court's decision was not predicated on her inability to financially support her son, but rather upon the child's best interests. Respondent provides a structured environment with rules, guidance in school and needed counseling. Despite their breakdown in communication which was caused by the child's refusal to abide by respondent's reasonable rules, the child was never opposed to maintaining visitation with him. Finally, Family Court appropriately noted that the maternal grandmother's home housed most of the same individuals that were a source of problems for this child in the past. This severely undermined any contention by petitioner that the child should reside together with his siblings (*compare Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]). For these reasons, we decline to disturb the determination rendered (*see Grandin v Grandin, supra* at 711; *Matter of Schermerhorn v Breen, supra* at 710).

Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.