■ In the Matter of WILLIAM E. MALIHA, Appellant, v SARA G. MALIHA, Respondent. (And Three Other Related Proceedings.) [786 NYS2d 837]—

Kane, J. Appeals from two orders of the Family Court of Ulster County (Work, J.), entered July 2, 2003 and September 23, 2003, which, inter alia, granted respondent's application, in four proceedings pursuant to Family Ct Act articles 6 and 8, for sole custody of the parties' child.

The parties are the parents of one child, born in 1995. In June 2002, the parties engaged in a verbal argument that

escalated into a physical altercation. Despite differing versions of the exact details, apparently after petitioner (hereinafter the father) grabbed a camera from respondent (hereinafter the mother) and possibly grabbed her arm as well, she swung at him and caught his necklace, breaking the chain. The father then grabbed the mother by the wrists and forcefully pushed her into a counter, causing her to strike her head on an open cabinet door. When the mother attempted to call 911, the father grabbed or knocked the phone out of her hand. The child was present during the altercation. As a result of this incident and overall marital discord, each party filed a custody petition and a family offense petition. After a lengthy hearing, Family Court issued two orders which dismissed both parties' family offense petitions and the father's custody petition, granted the mother sole custody and established a detailed visitation schedule. The father appeals.

The father's argument that Family Court improperly relied on a report from a detective is unpreserved for our review. Because the father offered that exhibit into evidence, he cannot now argue that the court erred in referencing it. The father's argument regarding the court's findings on the mother's family offense petition are academic, as that petition was dismissed.

Giving due deference to Family Court's ability to observe the witnesses and assess their credibility, the court did not err in granting sole custody to the mother (*see Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004]). Although the mother was overprotective and possibly projected her fears into the daughter's life, she was warm, caring, involved and had been the child's primary caretaker throughout her life. On the other hand, the father was controlling and seemed to have altered his parenting to a great extent after the parties separated, in an effort to portray himself as having always been intensely involved in raising the child. While both parents were appropriate and important in the child's life, sole custody was necessary because the parties could not effectively communicate or cooperate on any issues regarding their child (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]). Contrary to the father's contention that the court failed to properly rely on the report of a psychological expert, that expert recommended primary custody to the mother. Although the court did not exactly follow the expert's further recommendation of approximately equal physical time with each parent, it did comply with the spirit of that recommendation by granting the father liberal visitation of three weekends a month, one evening each week, split school breaks and one month each summer. In any event,

courts are not required to follow recommendations of forensic examiners; courts must make determinations based on all the evidence, including testimony and reports from expert witnesses (*see Matter of Wolcott v Cook*, 265 AD2d 748, 750 [1999]; *Matter of Pasco v Nolen*, 154 AD2d 774, 776 [1989]). As the record contains a sound and substantial basis of support for its findings, we will not disturb the court's determination (*see Matter of Hitchcock v Kilts*, 4 AD3d 652, 654 [2004]).

We have reviewed the father's remaining contentions and none warrants reversal.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.