■ In the Matter of SUZANNE F. HAMM-JONES, Appellant, v EARL W. JONES, Respondent. (Proceeding No. 1.) In the Matter of SUZANNE F. HAMM-JONES, Appellant, v EARL W. JONES, Respondent. (Proceeding No. 2.) [788 NYS2d 690]—

Spain, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered October 15, 2003, which, inter alia, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered December 12, 2003, which, inter alia, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the divorced parents of two children, a son (born in 1992) and a daughter (born in 1994). In September

1996, Family Court entered an order of joint custody on consent, with primary physical custody in petitioner and specific visitation with respondent. In June 2002, the parties again consented to the same arrangement as part of their divorce settlement in Supreme Court. In April 2003, petitioner commenced a proceeding in Family Court for modification of the original order seeking to limit respondent's access to the children and to require supervised visitation, and later filed an amended petition additionally seeking sole custody. The amended petition alleges, among other things, that on three specific occasions respondent wrongfully slapped their son. At the same time, petitioner also filed a family offense petition (Family Ct Act art 8) citing the same three slapping incidents.

Family Court ordered a child protective investigation pursuant to Family Ct Act § 1034 and, after its investigation, the Columbia County Department of Social Services (hereinafter DSS) reported to the court that the allegations were "unfounded." Subsequently, petitioner made a motion pursuant to Family Ct Act § 1032 (b) requesting that the court direct someone other than DSS to originate a neglect petition against respondent based primarily on the slapping allegations, the contents of the DSS "unfounded" report and a July 2003, court-ordered, psychological evaluation. Thereafter, Family Court dismissed the family offense petition and reserved decision on the Family Ct Act § 1032 (b) motion until the completion of the custody modification fact-finding hearing. After a full fact-finding hearing, the court dismissed the modification petition finding, among other things, that petitioner failed to prove that respondent had struck the child and, finding no evidence that respondent mistreated either child, also denied petitioner's section 1032 (b) motion. Petitioner appeals.

Initially, we find ample support in the record for Family Court's dismissal of the petition seeking a modification in custody. "Where a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999] [citation omitted]; *see Matter of Cole v Reynolds*, 8 AD3d 703, 704 [2004]; *Matter of Hitchcock v Kilts*, 4 AD3d 652, 653-654 [2004]). Family Court's findings regarding a change in circumstances and the feasibility of a joint custody arrangement are accorded great deference because it is better able to assess the credibility of witnesses (*see Matter of Thompson v Thompson*, 267 AD2d 516,

518 [1999]), and they will not be set aside where they are supported by a sound and substantial basis in the record (*see id.*).

Here, the record reflects that the parties' relationship and ability to communicate were not any different at the time of the petition than when the original order was entered (*see Matter of Risman v Linke*, 235 AD2d 861, 862 [1997]). Moreover, strong support for the continuation of the joint custody arrangement was contained in the psychological evaluation reports which suggest that both parents should have significant contact with the children and substantial participation in their upbringing (*see Matter of Somerville v Somerville*, 307 AD2d 481, 483 [2003]). The psychologist confirmed that although petitioner does most of the communicating by way of notes and a journal which accompany the children on visits, the parties do not disagree on a lot of issues, respondent relegating many of the parenting decisions to petitioner. The evaluator concluded that the children would be best served by a continuation of joint custody and suggested that the parties be directed to engage in a period of co-parent counseling, which was later ordered by Family Court. Although there was hearsay evidence at trial that respondent had slapped his son on at least one occasion, respondent denied striking him and the court found that petitioner "failed to prove by the required quantum of proof that the respondent struck the child at all." Indeed, the record supports the court's determination that there had not been a sufficient change in circumstances to warrant modification of the joint custody order.

We next conclude that Family Court's denial of petitioner's Family Ct Act § 1032 (b) motion is also amply supported in the record. As this Court has previously recognized in this case, an unfounded report by DSS would "diminish the likelihood" that Family Court would honor a section 1032 (b) motion (*Matter of Hamm-Jones v Jones*, 267 AD2d 904, 906 [1999]). Here, prior to denying this motion, Family Court ordered and reviewed DSS's Family Ct Act § 1034 investigation report in which it determined that the allegations against respondent were "unfounded," and the court conducted a full hearing on the modification of custody petition which was based, in part, upon the very same allegations as those alleged in the section 1032 (b) motion. In our view, the motion was properly denied.

Although we find merit in petitioner's assertion that Family Court erroneously dismissed her family offense petition against respondent on behalf of their child on the ground that she lacked standing, we discern no need to reinstate the petition in view of the court's resolution of the modification petition and

Family Ct Act § 1032 motion. Family Ct Act article 8 provides that Family Court shares concurrent jurisdiction with criminal courts over proceedings involving acts of violence when those acts occur between people who are "spouses or former spouses . . . parent and child or . . . members of the same family or household" (Family Ct Act § 812 [1]). Clearly, petitioner satisfied this jurisdictional requirement. Additionally, as respondent's former spouse with whom she had a child in common, petitioner could commence such a family offense proceeding (*see* Family Ct Act § 822 [a]; § 812 [1] [c], [d]).

This Court has implicitly recognized that a parent has standing to commence a family offense proceeding on behalf of his or her child pursuant to Family Ct Act article 8 (*see e.g. Matter of Hanehan v Hanehan*, 8 AD3d 712, 713-714 [2004]; *Matter of Hitchcock v Kilts*, 4 AD3d 652 [2004], *supra*; *Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 750 [2000]); *cf. Matter of Rader v Rader*, 183 Misc 2d 185 [1999]), and this recognition is consistent with the plain language and clear purpose of article 8, to "stop the violence, end the family disruption and obtain protection" (Family Ct Act § 812 [2] [b]). Of course, such parental standing does not, in any way, limit the broad authority conferred upon authorized agencies and Family Courts under the Social Services Law and the Family Ct Act. Accordingly, petitioner's family offense petition should not have been dismissed for lack of standing and, in view of the prompt and effective relief options available in such article 8 proceedings, petitioner's commencement of a Family Ct Act § 1032 (b) motion—based on the same allegations—did not supercede the family offense petition. Instead, the family offense petition should have been heard and determined on its merits.

Despite this determination, we conclude that petitioner has had her full day in court with respect to the allegations contained in the family offense petition which Family Court found she failed to prove, i.e., the court would have ultimately and justifiably dismissed the family offense petition on its merits. Accordingly, we decline to remit that petition to Family Court for further proceedings, and direct that it is dismissed.

We have considered petitioner's remaining contentions and find they lack merit.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.