■ In the Matter of JOLEANE C. ROBINSON, Respondent, v WAYNE C. CLEVELAND, Appellant. [839 NYS2d 611]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 29, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the parents of a child (born in 1999). They ceased living together in 2003 and the child resided primarily with respondent until April 2006, when he voluntarily transferred custody to petitioner. Prior to that transfer, the most recent order (the terms of which the parties had stipulated to in January 2006) granted respondent sole legal and physical custody with petitioner having parenting time on alternate weeks. After the child was voluntarily transferred in April 2006, petitioner sought a temporary order of custody, which was granted by Family Court, and she also filed this modification petition seeking custody based on, among other things, the voluntary transfer as well as the alleged poor emotional and physical care that the child had been receiving. Following a fact-finding hearing at which conflicting evidence was presented on several key issues, Family Court rendered a written decision crediting much of petitioner's proof and finding that it was in the child's

best interests for petitioner to have custody. Respondent appeals.

Respondent initially argues that Family Court erred in changing custody without making a finding of a substantial change in circumstances. "The primary concern in any child custody case is the best interest of the child" and where "there is an existing custody order, there must be a showing of sufficient change in circumstances, demonstrating a definite need for such modification to ensure the continued best interests of the child" (*Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006] [citations omitted]). Here, while Family Court did not set forth a list of changed circumstances, it nevertheless made credibility determinations and set forth specific factual findings establishing such a change. These included findings that respondent voluntarily transferred the child to petitioner because he was no longer able to care for the child, as well as the fact that the child had bruises on his body and chunks of hair missing from his head at the time of the voluntary transfer (*see Matter of Williams v Tucker*, 2 AD3d 1366, 1367 [2003], *lv denied* 2 NY3d 705 [2004]).

Moreover, the record supports Family Court's conclusion that custody with petitioner serves the best interests of the child. Some of the many factors relevant to a best interests analysis include maintaining stability in the child's life, the parties' fitness and ability to provide for the child's intellectual and emotional development, the willingness of each parent to foster a relationship with the other parent, the quality of the home environment and each parent's past performance (*see Matter of Young v Collins*, 37 AD3d 1014, 1015 [2007]; *Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). There was evidence that petitioner was more attentive to the child's intellectual and emotional needs. For example, he was significantly behind in reading and writing skills when he started residing with petitioner, and she sought help from his teacher and began assisting him at home with his school work. Further, the child suffers from acute emotional problems and, upon obtaining temporary custody, petitioner sought professional counseling which has assisted in addressing these issues. Indeed, the child's counselor testified as to the considerable improvements that the child had made while in petitioner's custody. Petitioner is employed in a job with benefits and has a suitable home, whereas respondent has moved frequently and was residing in a crowded residence with his mother and various other individuals. There was considerable evidence, found credible by Family Court, that petitioner exhibited a stronger willingness to foster the child's relationship with the noncustodial parent.

Next, respondent contends that Family Court's credibility determinations are not supported by the record. Although this Court has broad review powers in custody matters, we generally defer to Family Court's credibility determinations based on its advantage of observing the witnesses unless those determinations "lack a sound and substantial basis in the record" (*Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]). Upon review of the record, we find that Family Court's credibility determinations are supported by a sound and substantial basis, and we are not persuaded to set those determinations aside.

Finally, respondent argues that Family Court's failure to appoint a Law Guardian for the child constituted reversible error. While appointing a Law Guardian is not yet mandated in contested custody cases, making such an appointment is clearly the preferred practice (*see generally Matter of Comins v Briggs*, 25 AD3d 842, 844 [2006]; *Matter of Cole v Reynolds*, 8 AD3d 703, 705 [2004]). In light of the seriousness of the allegations concerning the child's emotional and physical health, a Law Guardian should have been appointed to provide this child with "the opportunity to have [his] own advocate to conduct an investigation, examine the witnesses produced by the parents and, if necessary, present additional witnesses and other evidence to assure that all issues related to [his] best interests were presented to the court for its consideration" (*Matter of Cole v Reynolds, supra* at 706 [Spain, J., dissenting]). The court's failure was somewhat mitigated in this case by the testimony of the child's mental health counselor, who had a number of recent one-on-one sessions with the child and who related her impressions of the child's feelings regarding some pertinent issues. Such testimony, together with the considerable proof supporting Family Court's determination to change custody, persuade us that, although a Law Guardian should have been appointed, the failure to do so was not reversible error.

The remaining issues have been considered and found unavailing.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.