■ In the Matter of EDWARD V., Respondent, v CRYSTAL W., Appellant. (And Three Other Related Proceedings.) [846 NYS2d 732]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 26, 2006, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of Brodey V.

Crystal W., a respondent in proceeding Nos. 1 and 2 (hereinafter respondent), and Edward V., petitioner in proceeding No. 1 (hereinafter petitioner), are the biological parents of Brodey V. (born in 2004). Respondent also has another child, Austin X. (born in 1999), from a prior relationship. Petitioner and respondent apparently resided together until November 2005, at which time respondent relocated with Brodey. Shortly thereafter, respondent commenced a proceeding pursuant to Family Ct Act article 6 seeking custody of Brodey, and petitioner cross-petitioned for custody, contending that Brodey twice sustained unexplained bruises while in respondent's care. Based upon such allegations, Austin's father commenced a proceeding seeking to modify a prior order granting custody of Austin to respondent. Petitioner in proceeding No. 2, Broome County Department of Social Services (hereinafter DSS), thereafter commenced a neglect proceeding pursuant to Family Ct Act article 10 against respondent and her boyfriend, the latter of whom was residing with respondent and Brodey at the time Brodey sustained the bruises.

In May 2006, respondent and her boyfriend admitted in open court that while Brodey was in their care, he sustained bruises to his buttocks that were not adequately explained. Family Court, in turn, granted respondent and her boyfriend an adjournment in contemplation of dismissal (hereinafter ACOD) for a 12-month period, upon the condition that respondent complete an approved anger management program and parenting classes and accept the services of a parent aide. Petitioner, respondent and Austin's father withdrew their respective custody petitions, which Family Court dismissed without prejudice, and it was agreed that the underlying custody/visitation issues would be resolved in the context of the neglect proceeding. Following the dispositional hearing in that proceeding, Family Court restored the custody petitions to the calendar, awarded custody of Austin to respondent, primarily due to Austin's father's failure to appear and apparent subsequent arrest on a

domestic violence charge. With respect to Brodey, Family Court awarded custody of the child to petitioner, finding that while DSS's concerns regarding respondent's parenting skills may have been satisfied, it was not so persuaded. Accordingly, Family Court determined that it was in Brodey's best interest to remain with petitioner, where he had been residing pursuant to a temporary order. In so doing, Family Court also extended DSS's supervision over "the child, the household and the parents" for one year from October 26, 2006 and directed that respondent complete all programs and accept all services set forth in the June 2006 ACOD order. This appeal by respondent ensued.

We affirm. Respondent initially contends that Family Court erred in extending the ACOD until October 26, 2007 without complying with the consent requirements set forth in Family Ct Act § 1039 (b). While the parties debate whether Family Court extended the actual ACOD or simply DSS's "period of supervision" and, further, Family Court's authority (or lack thereof) for doing either, these issues need not detain us. The "period of supervision" set forth in the order from which this appeal is taken expired by its own terms on October 26, 2007, thereby rendering these issues moot.

Turning to the merits, we cannot say, based upon our review of the record as a whole, that Family Court's decision to award custody of Brodey to petitioner lacks a sound and substantial basis in the record. Petitioner is gainfully employed, has provided suitable care, housing and transportation for Brodey and has expressed a willingness to facilitate respondent's visitation with the child. While it is true that respondent had been the child's primary caregiver and that the underlying neglect proceeding was disposed of via an ACOD, it is equally true, and visibly apparent from the photographs contained in the record, that Brodey sustained substantial, unexplained linear bruises to his buttocks while in the care of respondent and her boyfriend. Under such circumstances, Family Court correctly concluded that serious questions remained as to respondent's ability to provide a safe environment for Brodey and, as such, it was in Brodey's best interest to award custody to petitioner (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 709 [2007]). Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.