■ In the Matter of CHRISTINE A. SUMNER, Respondent, v PAUL A. LYMAN, Appellant. [895 NYS2d 576]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 17, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In conjunction with their divorce in 2006, the parties stipu-

lated to joint custody of their two children (born in 1998 and 2002), with petitioner (hereinafter the mother) having primary physical custody and respondent (hereinafter the father) having unsupervised visitation. As a result of a modification petition by the mother, in January 2007, Family Court ordered that the father's visitation be supervised until July 2007, after which the prior visitation arrangement would be reinstated. The court also directed the father to participate in mental health counseling. In September 2008, by amended petition, the mother again sought to modify the father's visitation. After a hearing, the court ordered that the father's visitation be supervised by his mother or another person agreed upon by the parties. The father appeals.

We affirm. A petitioner seeking to modify an existing visitation order must demonstrate "a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009]; *see Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004]). Here, Family Court determined that the father engaged in incidents of erratic behavior, some of which occurred during visits with the children. Specifically, according to the testimony of two police officers, on August 22, 2008, the father's girlfriend notified them that the father had fled their home with "a cocktail of pills," threatening to commit suicide. Although the children were visiting, he made no provision for their care in his absence. His parents eventually took the children to stay with them. The police searched for him, going so far as to employ a K-9 unit and a helicopter, but were unable to find him. He returned home on his own sometime after midnight. He then went to a hospital to be examined, and later to a mental health facility for a psychiatric assessment. When he was told to remain at that facility overnight, he refused to do so and barricaded himself between two glass doors in the foyer area. The police were called. Unable to convince him to surrender, they ultimately used a Tazer to subdue him. Although certain aspects of this story were disputed by the girlfriend, we defer to Family Court's factual findings in this regard, given that court's ability to observe the witnesses' demeanor and assess their credibility (*see Matter of Schermerhorn v Breen*, 8 AD3d at 710; *Matter of Fortner v Benson*, 306 AD2d 577, 578 [2003]). Furthermore, there was proof of domestic disputes between the girlfriend and the father of which the children were aware. Specifically, the girlfriend testified to arguments between the father and herself, including one during which the father pushed her. The record indicates that the children were upset by this behavior.

Importantly, "[i]n situations where a parent is either unable or unwilling to discharge his or her parental responsibility properly, unsupervised visitation may be deemed detrimental to the child[ren's] safety" (*Matter of Taylor v Fry*, 63 AD3d at 1218-1219 [internal quotation marks and citations omitted]). Here, the record provides a sound and substantial basis for Family Court's findings regarding the father's erratic behavior, as well as the domestic problems in the father's home, and we find no basis to disturb the court's conclusion that, at the present time, supervised visitation is in the children's best interests (*see Matter of Fortner v Benson*, 306 AD2d at 578).

Finally, we are not persuaded that Family Court abused its discretion in denying the father's request to adjourn the final day of the hearing.

Peters, Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.