■ In the Matter of JESSE MOORE, Respondent, v JEFFREY SLOAN, Appellant. [932 NYS2d 190]—

Rose, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a daughter (born in 2004). The parties have joint legal custody of the child pursuant to an agreement that was incorporated into, but not merged with, their judgment of divorce. When two physicians recommended that the child undergo a tonsillectomy due to enlarged tonsils, the father objected, preferring instead to seek alternative treatment or take a wait and see approach. The mother

then commenced this proceeding by order to show cause seeking sole legal custody and permission to have the surgery performed. Family Court, without a hearing, denied the request for sole custody, but modified the joint custody order by granting the mother sole decision-making responsibility with regard to the surgery as well as all future medical treatment, subject only to the requirement that the father be notified in advance of any nonemergency medical treatment involving general anesthesia. The father appeals.

The surgery having been performed during the pendency of this appeal, the father correctly acknowledges that his challenge to that part of the order granting the mother sole decision-making authority for this surgery is now moot (*see Matter of King v Jackson*, 52 AD3d 974, 975 [2008]; *Hughes v Gates*, 217 AD2d 966, 967 [1995]). Nevertheless, we agree with the father that there is no basis in the record to otherwise modify the parties' joint custody arrangement by granting the mother exclusive decision-making authority over the child's future medical treatment. While the father did not dispute that the parties disagreed on the tonsillectomy, there is no allegation in the petition that he failed to cooperate with respect to any other aspect of the child's medical care. Nor is there anything in the record to suggest that the father's refusal to consent to the tonsillectomy was unreasonable or that the parties could not continue to jointly decide the child's future medical treatment (*cf. Matter of Waldron v Dussek*, 48 AD3d 471, 472-473 [2008]; *see Matter of Williams v Boger*, 33 AD3d 1091, 1092-1093 [2006]; *Matter of Morin v Stancu*, 309 AD2d 1035, 1037 [2003]). While the mother alleged that the father had harassed the physicians regarding the tonsillectomy, this was not conceded by the father and, in any event, the issue of the tonsillectomy, as we have said, is now moot. Inasmuch as the petition contains no other allegation of a failure to cooperate, there was no need for a hearing and no showing of a change in circumstances justifying modification of the joint custody order to the extent of granting the mother sole decision-making authority over all future medical treatment (*see Matter of Hudson v Eck*, 70 AD3d 1261, 1263 [2010]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by vacating so much thereof as granted petitioner sole decision-making responsibility over the child's future medical treatment, and, as so modified, affirmed.