Matter of Katharine B. v Thomas L. (2020 NY Slip Op 07310)





Matter of Katharine B. v Thomas L.


2020 NY Slip Op 07310


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Docket No. O-00164/20 Appeal No. 12563 Case No. 2020-02041 

[*1]In the Matter of Katharine B., Petitioner-Respondent,
v
Thomas L., Respondent-Appellant.


Burger Green & Min, LLP, New York (Richard Min of counsel), for appellant.
Rower LLC, New York (Kara M. Bellew of counsel), for respondent.
Law Office of Garline Octobre, New York (Garline Octobre of counsel), attorney for the child.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about March 5, 2020, which denied respondent's motion to dismiss the family offense petition to the extent it seeks relief on behalf of his son, unanimously affirmed, without costs.
Petitioner and respondent, who have a child in common, lived together along with respondent's older child from a previous relationship, for about five years. After respondent moved out, both children remained in petitioner's household and under her care and supervision. Petitioner commenced this proceeding seeking an order of protection on behalf of herself and the [*2]two children. Respondent moved to dismiss the petition to the extent it seeks relief on behalf of his older son, arguing that petitioner lacks standing to commence a petition on his behalf because she is neither his parent nor his legal guardian. The Family Court properly determined that petitioner has standing to commence a family offense proceeding on behalf of respondent's son, who resided in the same household with petitioner for at least five years, while petitioner and respondent were in an intimate relationship (see Hamm-Jones v Jones, 14 AD3d 956 [3d Dept 2005]). The statute expressly authorizes the court to issue a temporary order of protection in favor of petitioner and any child in the household (Family Court Act § 821-a[2][b]). Such an action furthers the statutory purpose "to stop the violence, end the family disruption and obtain protection" (Family Court Act § 812[2][b]). The issue of whether petitioner has standing to obtain an order of protection on behalf of a child residing in her household is not the same issue as whether petitioner has standing to seek custody of that child. Whether extraordinary circumstances exist to afford petitioner standing to seek custody will be addressed in the context of the parties' pending custody petitions.
Respondent's constitutional arguments are not properly before us since he did not raise them in his moving papers or during oral argument on the motion (see Matter of Toussaint Thoreau E. [Allen E.], 170 AD3d 551 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020