■ CAROL WECKELMAN, Respondent, v GERALD WECKELMAN, Appellant. (Appeal No. 1.) — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondent appeals from several orders of Family Court which (1) ordered him to pay $150 per week child support and $250 attorney's fees to petitioner's counsel, (2) denied his applications for modification of the support order, and (3) directed judgment for arrears and directed him to post security for further support payments. Respondent first contends that Family Court had no jurisdiction to award child support because he had instituted a divorce action against petitioner which was pending in Supreme Court at the time of petitioner's application to Family Court. Ordinarily, of course, Family Court does not have jurisdiction under those circumstances and one in petitioner's position must seek relief by a motion in Supreme Court for temporary alimony and support (see Family Ct Act, § 461, subd [c]; § 464, subd [a]; La Piana v La Piana, 67 AD2d 966; Matter of Lo Castro v Lo Castro, 45 AD2d 712). The evidence in this record, however, establishes that when petitioner's application was made, she was in danger of needing public assistance and that in January, 1979, when the hearing was held on her application in Family Court, she was actually receiving public assistance. Accordingly, Family Court possessed jurisdiction to order respondent to pay support to petitioner and his child, and had jurisdiction to enter the orders appealed, notwithstanding the fact that the court declined to exercise its jurisdiction in favor of respondent's wife (see Family Ct Act, §§ 411, 413, 464, subd [b]). We have reviewed the evidence of the parties' respective resources and needs and find that the court's original order of support dated February 2, 1979 should be modified by reducing the amount of child support to $125 per week. At the time it was entered, respondent had a gross weekly pay of $275 and we find that he was able to pay the sum of $125 to support his child's personal needs and maintain the home in which she and petitioner live. In his application for

modification, respondent urges that subsequently, in February, 1979, his wages were reduced from $275 per week to $225 per week and that this justifies a further reduction in support. The reduction in respondent's wages occurred when he sold his 50% ownership interest in the business which employed him. The evidence in the record does not establish that his duties or responsibilities changed appreciably after the sale, however, and Family Court could properly disregard the change in financial circumstances as one that respondent imposed upon himself to avoid his support obligations (see *Hickland v Hickland,* 39 NY2d 1, cert den 429 US 941; and cf. *Andre v Andre,* 78 AD2d 974). We have considered the other points raised by counsel and find that they do not warrant reversal or further modification of the orders appealed. (Appeal from order of Livingston County Family Court — support.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.