modification, respondent urges that subsequently, in February, 1979, his wages were reduced from $275 per week to $225 per week and that this justifies a further reduction in support. The reduction in respondent's wages occurred when he sold his 50% ownership interest in the business which employed him. The evidence in the record does not establish that his duties or responsibilities changed appreciably after the sale, however, and Family Court could properly disregard the change in financial circumstances as one that respondent imposed upon himself to avoid his support obligations (see *Hickland v Hickland,* 39 NY2d 1, cert den 429 US 941; and cf. *Andre v Andre,* 78 AD2d 974). We have considered the other points raised by counsel and find that they do not warrant reversal or further modification of the orders appealed. (Appeal from order of Livingston County Family Court — support.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ CAROL WECKELMAN, Respondent, v GERALD WECKELMAN, Appellant. (Appeal No. 2.) — Order unanimously affirmed. Same memorandum as in *Weckelman v Weckelman* (78 AD2d 995). (Appeal from order of Livingston County Family Court — contempt, modify support.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ CAROL WECKELMAN, Respondent, v GERALD WECKELMAN, Appellant. (Appeal No. 3.) — Order unanimously affirmed. Same memorandum as in *Weckelman v Weckelman* (78 AD2d 995). (Appeal from order of Livingston County Family Court — support, arrears, security.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ CAROL WECKELMAN, Respondent, v GERLAD WECKELMAN, Appellant. (Appeal No. 4.) — Order unanimously affirmed. Same memorandum as in *Weckelman v Weckelman* (78 AD2d 995). (Appeal from order of Livingston County Family Court — amend order, dismiss counterclaim.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ In the Matter of DORIS PETERS, Appellant, v REGINALD PETERS, Respondent. — Order unanimously affirmed, without costs. Memorandum: The court improperly placed upon petitioner the burden of proving why a valid out-of-State custody decree should be enforced. Under section 75-n of article 5-A of the Domestic Relations Law, New York courts are required to enforce custody decrees of another State. Although petitioner had the burden of proving that a valid out-of-State decree existed, she did not have the burden of proving that it was in the best interest of the child to enforce the decree. The best interest of the child involved must govern in the adjudication of custody *(Matter of Nehra v Uhlar,* 43 NY2d 242). However, the court did correctly consider the best interest of the child, and its incorrect statements regarding burden of proof were harmless error. (Appeal from order of Erie County Family Court — custody.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ MARIANNE GRAY et al., Doing Business as THE COBBLER SHOP, Appellant, v CITY OF BUFFALO et al., Respondents. — Judgment unanimously reversed, with costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioners appeal from the denial without a hearing of their CPLR article 78 motion to annul respondents' decision revoking their amusement license and denying them a restricted use permit. Petitioners operate a restaurant known as The Cobbler Shop in Buffalo. The applicable zoning ordinance, adopted in 1977, permits establishment or extension of eating and drinking places only upon issuance of a restricted use permit. Because petitioners' predecessors had maintained an eating and drinking place at the location for several years prior to the adoption of the zoning ordinance, no permit was required for continuation of such use. As