■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, v PAUL KANE, Appellant. [666 NYS2d 138] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about April 19, 1996, which directed respondent to make child support payments to petitioner, as assignee of respondent's estranged wife, pursuant to Family Court Act § 415, unanimously affirmed, without costs.

We agree with Family Court that there exists no viable pendente lite support order from Supreme Court emanating from the divorce action pending in that court, both because respondent could not produce a complete copy of the purported order, and because he specifically testified before the Hearing Examiner that no such order exists. Where, as here, there is no Supreme Court order directing the payment of child support, and the child is a public charge, Family Court possesses jurisdiction to order a parent to pay child support notwithstanding the pendency of a divorce action involving that parent in Supreme Court (Family Ct Act § 464 [b]; *see, O'Connor v O'Connor*, 146 AD2d 909, 911; *Weckelman v Weckelman*, 78 AD2d 995). Moreover, even assuming the existence of the alleged order, Family Court had jurisdiction to entertain a proceeding to enforce or modify it, there being no recital in the only page of that order produced by respondent that Supreme Court was retaining exclusive jurisdiction over its enforcement or modification (Family Ct Act § 461 [b]; *see, Neil v Neil*, 232 AD2d 771). Concur—Ellerin, J. P., Wallach, Williams, Andrias and Colabella, JJ.