■ In the Matter of FRANK L. MURRAY III, Respondent, v DAWN R. McLEAN, Appellant. [757 NYS2d 612] —Spain, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered May 30, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

While residing in Connecticut, the parties were married in December 1997. In early 1998, they moved to Otsego County, where their son, Luke, was born in June 1998. In May 1999, respondent returned to Connecticut and resided with her mother, leaving the child with petitioner, and the parties were eventually divorced in Supreme Court, Otsego County. As part of the divorce settlement, the parties entered into a stipulation (hereinafter the stipulated custody order) providing, among other things, that they would share joint custody of their child whereby he would alternate living with each parent—two weeks in New York and two weeks in Connecticut. Notably, the exchange requires travel of approximately 200 miles each way. Respondent has since remarried, and she and her husband are the parents of a baby born in August 2001. The stipulated custody order also expressly provides that either party would be permitted to file "a petition for modification with Family Court in the future, without showing a change in circumstances." In February 2001, petitioner filed a petition for modification of custody seeking sole physical custody; respondent did not cross petition. In May 2002, after a full hearing, Family Court awarded full custody to petitioner with visitation to respondent. Respondent appeals.

Family Court—employing a change in circumstances analysis—concluded that the parties could not "communicate in a harmonious and reasonable fashion and accept joint responsibility for decision making with respect to the child," and found that it would be in the child's best interests to be in the custody of petitioner. While a petition seeking to modify "an existing child custody arrangement will only be granted 'upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Von Dwingelo v Von Dwingelo*, 279 AD2d 663, 664 [2001], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]), "[w]hen the existing custody arrangement arises out of a stipulation between the parties, that arrangement 'is entitled to less weight than a disposition after a plenary trial' " (*Matter of Glaser v McFadden*, 287 AD2d 902,

905 [2001], quoting *Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]). The factors relevant in making such a determination include "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Williams v Williams*, 188 AD2d 906, 907 [1992]). "Family Court's factual findings are generally accorded great deference and will only be disturbed if they lack a sound and substantial basis in the record since it is in the best position to assess the credibility of witnesses" (*Matter of Russo v Russo*, 257 AD2d 926, 927 [1999] [citations omitted]). Although "joint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]), the parents must be "capable of and engage in cooperative civil communication concerning [their child]" (*Matter of Yetter v Jones*, 272 AD2d 654, 655 [2000]).

Although it is clear on the record before us that petitioner failed to prove many of the allegations set forth in his petition, there is ample evidence to support Family Court's conclusion that the parties were so embattled they could not "communicate in a harmonious and reasonable fashion and accept joint responsibility for decision making with respect to the child" (*see Braiman v Braiman, supra* at 589-590; *Ulmer v Ulmer*, 254 AD2d 541, 542 [1998]; *Palmer v Palmer*, 223 AD2d 944, 945 [1996]; *see also Matter of Yetter v Jones, supra* at 654, 655-656). Specifically, the record reflects that both parents contributed to the hostility and bitterness despite the efforts made by a family counselor and a clinical psychologist to find ways to open lines of communication regarding the child, who will be starting kindergarten in September 2003. Accordingly, assuming a change in circumstances was required to be shown, Family Court properly found such change, dissolving the joint custody arrangement as being unworkable, and proceeded to a best interest analysis.

The initial change in circumstances threshold having been met, we next conclude that there is ample support in the record for Family Court's determination that the best interest of the child would be served by granting custody to petitioner. "When joint custody is no longer feasible, the issue then becomes to whom custody of the minor child should be awarded" (*Ulmer v Ulmer, supra* at 542). An award of custody is a matter of discretion for the trial court, which is in the best position to weigh the various factors in its assessment of the

"testimony, character and sincerity of all the parties involved in this type of dispute" (*Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]) and, in making a determination of best interests, the court must consider the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). Clearly, despite the distance between the homes of the parties, Family Court properly refrained from a relocation analysis (*see Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676 [2000]).

Here, while we do not concur in all of Family Court's findings, we defer to Family Court's credibility assessments which led to its conclusions that respondent did not live up to her obligations in the stipulated custody order relating to the child's health and health care and, more significantly, that respondent (and her husband) unilaterally and unjustifiably cut off scheduled midweek telephone access between petitioner and the child for more than a month in the fall of 2001. Also significant is our own finding that petitioner has demonstrated the greater ability and willingness to foster a meaningful relationship between the child and the other parent (*see Palmer v Palmer, supra* at 945; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806-807 [1994]). Accordingly, Family Court's decision has a sound and substantial basis in the record.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.