In the Matter of GARY MEHAFFY, Respondent, v CORALEE MEHAFFY, Appellant. (And Another Related Proceeding.) [805 NYS2d 144]—

Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Lewis, J.H.O.), entered August 19, 2004, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are parents of three children, daughters born in 1988 and 1989 and a son born in 1993. In a January 2003 judgment of Supreme Court, St. Lawrence County, the parties were divorced and their stipulation was incorporated providing for joint legal and physical custody of the children with alternating weekly placements so long as the parents continued to reside in St. Lawrence County. While the parties' homes were sufficiently close to enable the alternating access, in late 2003, the eldest daughter began residing exclusively with the mother, followed by the other daughter early in 2004, while the son continued alternating. In March 2004, the father petitioned in Family Court to modify the order of custody, seeking sole custody of all three children, raising concerns for their well-being and safety based upon, among other things, the mother's decision to allow her boyfriend and his son to move into her house and to permit the daughters to reside exclusively with her. Thereafter, the mother also petitioned for sole custody of the children, citing fighting between the father and both the daughters and the

mother's boyfriend. The father subsequently indicated his intent to move away to the home of his girlfriend (who was the former girlfriend of the mother's boyfriend), located in the Village of Phoenix in Oswego County, and his desire to bring the children, which the mother opposed.

Following a *Lincoln* hearing and a trial, Family Court found that the parties had demonstrated a change in circumstances and continued their joint legal custody of the children, but awarded the father primary physical custody of the son and specific visitation with the daughters and awarded the mother primary physical custody of the daughters, with two weekend visits with the son every four weeks. The mother now appeals, and while we uphold the father's award of custody of the son, we find merit to her contention that the father should not have been permitted to relocate with him.

Under settled law, modification of an existing custody order requires "a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), although an existing arrangement that is based upon a stipulation between the parties "is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]; *see Matter of Murray v McLean*, 304 AD2d 899, 899 [2003]). Applying the principles governing such modification petitions (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831 [2004]) and according great deference to Family Court's custodial findings (*see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Kemp v Kemp*, 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]), we conclude that Family Court's determination awarding primary custody of the son to the father had a sound and substantial basis in the record.

Among the factors forming the basis for Family Court's determination was the mother's decision to allow her boyfriend, an unemployed recovered alcoholic with a history of domestic violence and mental health problems, and his son—who has an adjudication for sexual improprieties against minors—to reside with her and the children. The record reflects pronounced mistrust and acrimony, and that these adults are embattled (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]; *Matter of Murray v McLean, supra* at 900). Additional notable changes include the de facto alteration of the existing custodial arrangement (*see Matter of De Hamel v Porto*, 22 AD3d

893, 895 [2005]) and the father's planned relocation (*see Matter of Groover v Potter*, 17 AD3d 718, 719 [2005]).

Additionally, an examination of the totality of the circumstances demonstrates record support for Family Court's determination that the son's best interests would be advanced by awarding the father physical custody (*see Matter of Kemp v Kemp, supra* at 750; *Matter of Murray v McLean, supra* at 900-901). This was consistent with the Law Guardian's position and the son's desires to avoid the ongoing difficulties encountered with the mother's boyfriend and to achieve some measure of stability.

However, we find that the father wholly failed to demonstrate, by a preponderance of the evidence, that it would be in the son's best interest to relocate with him and Family Court made no findings on the relocation request (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741-742 [1996]; *Matter of Paul v Pagnillo*, 13 AD3d 971, 972 [2004]; *Matter of Groover v Potter, supra* at 719). Although the father testified that his relocation plans were motivated by employment and financial considerations, he introduced no financial documentation or evidence regarding his existing employment or financial status to support finding a financial need to relocate and merely asserted that he had unspecified construction work "lined up" in the new location. His girlfriend did not testify and, as Family Court recognized, "little is known by this Court of [the father's girlfriend], her children, or the home where and with whom his children would reside." Allowing the son to relocate would deprive him of an established, meaningful relationship and regular contact with his mother (as well as his sisters and all of his extended family), who was involved in his school work and upbringing and vehemently opposed relocation. Relocating would require a change of schools, the quality and details of which the father had not investigated despite the son's ongoing poor attendance, academic difficulties and other school-related problems. On this record, considering "all of the relevant facts and circumstances" (*Matter of Tropea v Tropea, supra* at 738) and according "the greatest weight" (*id.* at 739) to the son's needs and best interests, that part of the order which impliedly permits the father's relocation with the son cannot be upheld.

Since the visitation schedule was clearly based upon the father's relocation, the matter must be remitted for reconsideration of the issue of access between the mother and son. The access schedule provided in the order on appeal will remain in effect until such time as Family Court issues an order upon reconsideration or stipulation of the parties. Although the Law

Guardian states that the father, in fact, returned from Oswego County back to the Town of Lisbon with the son in July 2005, that information is outside of the record on this appeal and should be demonstrated upon remittal to Family Court. The parties are strongly encouraged to be flexible and cooperative in an effort to expeditiously and mutually agree upon an access schedule which ensures that each of the children will be continually afforded the benefit of the love and support of both parents and their siblings in a stable and healthy environment.

Finally, the mother's remaining contentions have been considered and do not require further discussion or modification of the order on appeal (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, without costs, by reversing so much thereof as permits petitioner to relocate with the parties' son; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.