■ In the Matter of KEITH M. PETTENGILL, Appellant, v SHARON L. KIRLEY, Respondent. (And Another Related Proceeding.) [807 NYS2d 215]—

Crew III, J.P. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered December 3, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

The parties are the biological parents of a child born in 1997. By order entered December 8, 2000, petitioner was granted visitation with his son twice a week, with such visits to be supervised by either petitioner's mother, petitioner's now former girlfriend or another suitable and mutually agreeable individual. When petitioner's mother and former girlfriend no longer were able to supervise petitioner's visits with his son and the parties could not agree upon another supervisor, such visitations ceased, prompting petitioner to commence this proceeding in February 2004 seeking, among other things, unsupervised visitation with his son. Respondent answered and cross-petitioned to terminate petitioner's visitations altogether. Following a three-day hearing, Family Court dismissed petitioner's application but modified the prior order to permit petitioner one visit per month with his son at the Madison County Department of Social Services. Should such visits prove successful after four months, petitioner's visitation would increase to two supervised visits per month and, following an additional four months of successful visitations, either party could apply for increased visitation. This appeal by petitioner ensued.

We affirm. It is apparent from the record that petitioner loves his son very much and has a sincere desire to be involved with and play a role in his child's life. It is equally apparent, however,

that petitioner suffers from a bipolar disorder and anxiety, which requires him to take a prescribed dosage of medication at specific intervals, and that petitioner does not always manage his medication appropriately. Petitioner's difficulties in this regard, i.e., either taking too much or too little medication at any one time, coupled with either his frustration regarding his limited access to his son or his resentment toward respondent, have resulted in petitioner engaging in what charitably could be described as inappropriate behavior. Although such behavior admittedly never has been directed toward his son, petitioner's inability or unwillingness to control his own behavior evidences a pattern of putting his own interests ahead of his son's and, under such circumstances, we cannot say that Family Court erred in initially awarding petitioner limited, supervised visitation. As is set forth in Family Court's order, petitioner has the opportunity for increased visitation with his son once he demonstrates a series of successful visits.

As a final matter, we agree with petitioner that Family Court erred in admitting into evidence certain hearsay statements of the child. The hearsay exception set forth in Family Ct Act § 1046 (a) (vi) is inapplicable where, as here, there are no allegations of abuse (*compare Matter of Hover v Shear*, 232 AD2d 749, 750 [1996], *lv dismissed and denied* 89 NY2d 964 [1997]). Nonetheless, based upon our review of the quantum of evidence adduced at the hearing, we deem such error to be harmless (*see Scialdo v Kernan*, 301 AD2d 884, 887 [2003]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.