■ In the Matter of Guy R. Leo, Respondent, v Diane E. Leo, Appellant. [832 NYS2d 691]—

Lahtinen, J. Appeal from an order of the Family Court of Albany Court (Duggan, J.), entered February 7, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a daughter (born in 1996). They divorced in February 2004 and incorporated into their divorce judgment a separation agreement which provided for joint legal custody with respondent (hereinafter the mother) to have primary physical custody. Petitioner (hereinafter the father) had liberal parenting time, including every weekend from Friday evening to Sunday evening, and two dinner visits each week. The mother, who had been diagnosed as bipolar some 20 years earlier and had controlled the condition with medicine and medical treatment, started to slide into significant problems related to the condition in November 2004. She attempted to conceal her condition from her support network, resulting in her symptoms increasing until she became dysfunctional and required hospitalization.

The father obtained temporary custody of the child on an emergency basis. He returned the child to the mother in

December 2004. However, she suffered another bipolar episode requiring hospitalization in January 2005. The father petitioned Family Court seeking custody and, when the mother did not appear on the return date because she was still hospitalized, the court awarded him custody "without prejudice" to the mother to seek modification. Within two weeks of that order, the mother filed for modification of the order seeking a return of primary physical custody. She also filed a motion to vacate the order transferring custody upon the ground that the order resulted from excusable default.

At the commencement of the fact-finding hearing on the issue of custody, there was uncertainty regarding who had the burden of proof. Family Court initially required the mother to present her proof first. By the beginning of the second day of the hearing, however, Family Court clarified that the father had the burden of proof. After listening to numerous witnesses, conducting an in camera interview with the child, and hearing the Law Guardian's position in favor of giving the father primary physical custody, Family Court issued a thorough written decision. It determined that the father had shown a substantial change in circumstances and that it was in the best interest of the child, who the court characterized as having been "deeply traumatized" by witnessing her mother's "mental deterioration," to be placed in the father's custody with the mother having liberal parenting time. The mother appeals.

Initially, we are unpersuaded by the mother's argument that she was deprived of a fair trial by the confusion at the beginning of the hearing regarding the burden of proof. Several proceedings and motions seeking various relief had been filed within a relatively short time frame and, in some instances, under exigent circumstances. Nevertheless, by the commencement of the second day of the four-day hearing, Family Court made clear its determination that the father had the burden of proof, and that determination is not contested on appeal. Review of the record reveals that Family Court afforded both parties a full and fair opportunity to present their proof, and the court carefully analyzed the evidence in accordance with the burden being on the father. Any error was, under the circumstances, harmless (*see Matter of Peters v Peters*, 78 AD2d 996, 996 [1980]; *see generally Matter of Pettengill v Kirley*, 25 AD3d 935, 936 [2006]).

Next, we consider the mother's contention that the evidence did not support awarding the father physical custody. A petitioner seeking to modify an existing order must "show a sufficient change in circumstances making modification neces-

sary for the continued best interests of [the] child" (*Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]). "[A]n existing arrangement that is based upon a stipulation between the parties is entitled to less weight than a disposition after a plenary trial" (*Matter of Mehaffy v Mehaffy*, 23 AD3d 935, 936 [2005], *appeal dismissed* 6 NY3d 807 [2006] [internal quotation marks and citation omitted]). Deference is given to the trial court's determination as long as it has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004]).

Here, the mother noticed symptoms of the first bipolar episode over two weeks before she was hospitalized. Yet, she failed to attend a scheduled appointment with her psychiatrist or to otherwise seek appropriate help. Her condition deteriorated until she became dysfunctional. She made many detrimental statements to the child, including about her own death and the death of the father. The child was prohibited from calling the father or a grandparent for help. The child stayed home from school to try and help her mother, who was on the floor crying and rocking. When the mother finally walked with the child to the bus stop, she collapsed in tears in front of the bus driver and children on the bus. Even after treatment for this episode and her return home, she again failed to take preventive steps or seek appropriate help when another episode started in January 2005, which again resulted in hospitalization. There was sufficient evidence to support Family Court's finding that there is a real concern about the mother's ability to manage her mental health care. Moreover, there was considerable proof revealing the significant emotional trauma caused to the child by these episodes.

The fact that such evidence supports a finding of a significant change in circumstances is not, as suggested by the mother, the result of a stigma attached to mental illness. Instead, it results from a consideration of the totality of the circumstances, including the nature of the illness, the inability to consistently manage the care needed for that illness, the failure to dependably function as a parent despite the illness, and the impact on the child (*see generally Matter of Sloand v Sloand*, 30 AD3d 784, 785-786 [2006]; *Matter of Pettengill v Kirley, supra* at 935-936; *Matter of Caccavale v Brown*, 271 AD2d 717, 718-719 [2000]).

The record fully supports Family Court's determination that placing primary physical custody with the father is in the child's best interest. A social worker who counseled the child testified that the child suffered anxiety and depression following the episodes with her mother, but that these conditions have

decreased with therapy and living with the father. The father was cooperative in providing the mother with a significant role in the child's life and sought professional help for the child to help her through her emotional trauma. The mother minimized the impact on the child and attempted to improperly influence the child as the custody proceedings progressed. The child has expressed concern to professionals working with her about returning to the primary custody of her mother. The father has shown an ability to aid and advance the child's emotional, physical and intellectual needs.

The remaining issues advanced by the mother have been considered and found unavailing.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.