■ In the Matter of MATTHEW C. NEPHEW, Respondent, v KIMBERLY A. NEPHEW, Appellant. [846 NYS2d 713]—

Mugglin, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered June 14, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner is the father and respondent is the mother of a son (born in 2001). In February 2003, they executed a separation

agreement, later incorporated in a judgment of divorce, which provided for joint legal custody, with primary physical custody being with respondent. In November 2004, petitioner commenced this proceeding seeking modification of the custody order. Petitioner sought, and was granted, temporary custody. Following the April 2006 trial, Family Court, while continuing joint custody, modified the prior order by awarding primary physical custody of the child to petitioner, subject to scheduled visitation for respondent. Respondent appeals, arguing both that petitioner failed to establish a change of circumstances sufficient to warrant modification of the prior order and that awarding primary physical custody to petitioner is not in the child's best interests. We disagree with both assertions and affirm.

While a previously stipulated arrangement will be accorded less weight than a decision rendered by a court following a plenary trial (*see Matter of Mehaffy v Mehaffy*, 23 AD3d 935, 936 [2005], *lv dismissed* 6 NY3d 807 [2006]), a parent seeking modification of an existing custody order always bears the burden of proving that there has been a sufficient change of circumstances " 'making modification necessary for the continued best interests of [the] child' " (*Matter of Leo v Leo*, 39 AD3d 899, 900-901 [2007], quoting *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]; *see Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]).

Petitioner's evidence established that since the prior custody order, respondent was arrested for a second driving while intoxicated offense in November 2004, she was hospitalized for a drug overdose, she admitted herself to a recovery program and she started attending Alcoholics Anonymous meetings. She also became involved in a drug court treatment program during which she tested positive for cocaine use and was sent to a residential treatment facility for six months. Upon her discharge, she resided at a half-way house and continued to attend outpatient rehabilitation care to focus on maintaining sobriety which, by her own admission, was the most important priority in her life, even above her concerns for her child. Beyond question, petitioner has established changed circumstances.

Further, the record fully supports Family Court's determination that the child's best interests required granting petitioner primary physical custody. Family Court considered all relevant factors presented in reaching this determination (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Throughout the entirety of the lengthy pendency of this matter, petitioner has demonstrated his capacity to address the physical and emotional needs of the child and to provide a stable home environment.

While in petitioner's care, the child's placement in therapy has advanced his intellectual development, overcoming in large measure significant speech difficulties. Additionally, petitioner's flexible work schedule allows him to commit significant blocks of time to the child so that the child may participate in family and age-appropriate community activities, such as soccer. Lastly, petitioner provides the child with his own bedroom and he has formulated a schedule which has overcome the child's previously experienced sleeping problems. According due deference to Family Court's factual findings and its resolution of credibility issues, we find a substantial basis exists in the record to support the conclusion that modification of custody is in the child's best interests (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]; *Matter of Graham v Graham*, 24 AD3d 1051, 1052 [2005], *lv denied* 6 NY3d 711 [2006]).

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.