■ In the Matter of EUNICE G., Respondent, v MICHAEL G., Appellant. (And Another Related Proceeding.) [927 NYS2d 393]—

Stein, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 1, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 1999). In 2006, Family Court (Pines, J.) awarded the parties joint legal custody of the child, with primary physical custody to the mother and visitation to the father. In October 2009, the mother commenced the first of these proceedings to modify the custody order, alleging that the father, among other things, had inappropriately "drugged" the 10-year-old child with Benadryl at night and had taken nude photographs of her. The mother also filed a family offense petition, seeking an order of protection for the child. Family Court issued a temporary order of protection that, among other things, directed the father to stay away from the child. Following fact-finding and *Lincoln* hearings, Family Court granted the mother sole legal custody and limited the father's visitation to daytime visits in public places.[1] The father appeals.

"Modification of an established custody arrangement requires a showing of a sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; *accord Matter of Scott QQ. v Stephanie RR.*, 75 AD3d 798, 799 [2010]). Here, although Family Court did not articulate a finding that the mother had demonstrated a change in circumstances,[2] the record reveals ample evidence to support such a finding (*see Matter of White v Cicerone*, 80 AD3d 1102, 1103 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Bishop v Livingston*, 296 AD2d 602, 603 [2002]). The mother's modifica-

---

1. Family Court also dismissed the mother's family offense petition and terminated the temporary order of protection, but the mother did not appeal from the order.

2. In the order appealed from, Family Court did, however, order and adjudge "that [the mother] met her burden of proof to show that a custody modification is warranted."

tion petition alleges, among other things, that the child was "drugged up" on Benadryl while staying overnight at the father's residence and that "she goes to sleep with clothes on and wakes up without clothes on." While the mother did not offer evidence to establish the allegations that the father had taken nude pictures of the child[3] or that he had inappropriately touched her, the father admitted to regularly administering Benadryl to the child at night without a prescription and to removing some of the child's clothing while she slept. Family Court was not required to accept the father's explanation for these actions and, in view of its unique opportunity to observe the witnesses in the course of the fact-finding and *Lincoln* hearings, its credibility determinations are entitled to great deference (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1268 [2010], *lv dismissed* 15 NY3d 943 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]). Notably, the prior order of custody and visitation was based upon a stipulation of the parties and " 'is entitled to less weight than a disposition after a plenary trial' " (*Matter of Mehaffy v Mehaffy*, 23 AD3d 935, 936 [2005], *lv dismissed* 6 NY3d 807 [2006], quoting *Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]; *see Matter of Nephew v Nephew*, 45 AD3d 1194, 1195 [2007]). In our view, the proof supporting the allegations in the mother's petition was sufficient to demonstrate a change in circumstances and to warrant an inquiry into whether a modification of the prior order was in the child's best interests.

The testimony at trial also demonstrated that the now preadolescent child regularly returned from visits with her father with dirty, greasy hair, dirty clothing, bad breath, an odor of urine and sometimes feces, and stains in her underwear. Additionally, the child returned to the mother's residence with head lice on more than one occasion. When confronted with these issues, the father either denied there was a problem, blamed the child, or cited a lack of hot water in his apartment. The record further reflects that the child's hygiene problems were resolved when she ceased visiting with the father at his residence. The father also testified that he regularly gave the child Benadryl at night to help her sleep because she had a toothache and that he neither told the mother that he did so nor obtained professional treatment for the toothache. Moreover, the father admitted that he permitted a 14-year-old unrelated male to stay overnight at his residence on at least two oc-

---

**3.** The record reflects that the police were in possession of the cell phone on which the pictures were allegedly taken in connection with their investigation of the allegations.

casions when the child was there because the child wanted him to. Considering all of the foregoing, we conclude that Family Court properly determined that a modification of the prior order of custody and visitation was warranted (*see Matter of Taylor v Fry*, 63 AD3d 1217, 1218-1219 [2009]).

The father's remaining contentions have been reviewed and are unavailing.

Mercure, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.