In the Matter of MELISSA WW., Appellant, v CONLEY XX., Respondent. (And Three Other Related Proceedings.) [931 NYS2d 748]—

Egan Jr., J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter (born in 2010). Prior to going their separate ways in March 2010, the parties resided together with the mother's daughter from a prior relationship. Shortly after the subject child's birth, the mother commenced a proceeding seeking sole custody and, within a matter of days, the father cross-petitioned seeking joint legal and physical custody of the child. The mother was awarded sole custody on a temporary basis, and the father was granted visitation.

The mother thereafter commenced two modification proceedings alleging, among other things, that the father returned the

child from visitations wet and dirty and inappropriately touched the mother's other child. At some point, these proceedings were transferred to the Integrated Domestic Violence part of Supreme Court, which suspended the father's visitation pending a custody hearing. At the conclusion thereof, Supreme Court, among other things, awarded the father sole legal and physical custody of the parties' child and established a visitation schedule for the mother. This appeal ensued.

We affirm. In rendering an initial custody determination, Supreme Court was required to take into consideration a number of factors, including each parent's ability to furnish and maintain a suitable and stable home environment for the child, past performance, relative fitness, ability to guide and provide for the child's overall well-being and willingness to foster a positive relationship between the child and the other parent (*see Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]; *Matter of Baker v Baker*, 82 AD3d 1462, 1462 [2011]; *Williams v Williams*, 78 AD3d 1256, 1257 [2010]). The court's factual findings and credibility determinations, if supported by sound and substantial evidence, are entitled to great deference (*see Matter of Seacord v Seacord*, 81 AD3d 1101, 1104 [2011]; *Williams v Williams*, 78 AD3d at 1257).

Initially, we have no quarrel with Supreme Court's determination that an award of joint custody was not feasible. "While joint custody is an aspirational goal in every custody matter, such an award is inappropriate where[, as here,] the parties have demonstrated an inability to effectively communicate or cooperate to raise the child[ ]" (*Matter of Clupper v Clupper*, 56 AD3d 1064, 1065 [2008] [citations omitted]; *see Farina v Farina*, 82 AD3d 1517, 1518 [2011]).

As for Supreme Court's decision to award sole legal and physical custody to the father, the record reflects that both parents are employed, have appropriate and suitable home environments and possess the basic skills required to effectively provide for the child's well-being. Although the mother was the child's primary caregiver during the relatively brief period of time that elapsed between the child's birth and the underlying custody hearing, the record as a whole supports Supreme Court's finding that the mother actively and persistently interfered with the father's visitation rights by, among other things, unreasonably refusing to relinquish the child if the father was even five minutes late (or early) for his scheduled visitation (*cf. Matter of Keefe v Adam*, 85 AD3d 1225, 1226 [2011]) and repeatedly threatening to utilize child protective services to curtail or eliminate his visitation altogether. Additionally, the record reflects

that the mother denied the father, who was providing medical insurance for the child, access to the child's health information by threatening to contact law enforcement if he attended the child's well-baby visits and setting up a password system with the child's pediatrician, thereby ensuring that the child's medical records would not be shared with him (*see Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180 [2009]).

Most disturbing, however, is what Supreme Court characterized as the mother's manipulation of her oldest child regarding the allegations of inappropriate touching—allegations that Supreme Court found the mother to have manufactured (*see Matter of Taber v Taylor*, 238 AD2d 696, 697 [1997]; *Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754 [1993]). Contrary to the mother's assertion, her demonstrated hostility toward the father, as well as her apparent inability or, more to the point, unwillingness to foster a meaningful relationship between the father and the child, directly implicate her parenting skills and call into question her parental fitness. Under these circumstances, we cannot say that Supreme Court's decision to award the father sole custody lacks a sound and substantial basis in the record.

Finally, to the extent that the attorney for the child takes issue with the amount of visitation awarded to the mother, we note that the attorney for the child did not file a notice of appeal and the mother raises no issue in this regard in her brief.

Mercure, J.P., Peters, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.