■ In the Matter of BRIAN POREMBA, Respondent, v MEGHANN POREMBA, Appellant. (And Other Related Proceedings.) [940 NYS2d 707]—

Mercure, Acting P.J. (1) Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered November 24, 2010, which, among other things, granted petitioner's application, in proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) motion to dismiss appeal.

The parties are the parents of a daughter, born in 2003. They separated in 2004 and, pursuant to a 2008 consent order, had joint legal custody of the child, with respondent (hereinafter the mother) having physical custody. The parties filed several modification petitions and, in 2009, Family Court awarded

---

temporary physical custody to petitioner (hereinafter the father). Following fact-finding and *Lincoln* hearings, Family Court awarded the father sole legal and physical custody, with visitation to the mother. She appealed, and the father moved to dismiss the appeal as moot.

Initially, we reject the father's argument that this appeal is moot. After the appealed-from order was issued, the parties resolved all outstanding issues in their divorce action by stipulation, including those related to custody. While the parties did agree to modify the terms of Family Court's order in some respects, it was left intact in relevant part and incorporated but not merged into the judgment of divorce. The mother inquired about the stipulation's impact upon the present appeal, and was assured on the record that the stipulation did not affect her right to appeal the order at issue. Inasmuch as the appeal is not moot under these circumstances, the father's motion to dismiss is denied (*see Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]; *Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779 [2010], *lv denied* 15 NY3d 710 [2010]).

Turning to the merits, we conclude that Family Court's decision to modify custody is supported by a sound and substantial basis in the record. After the 2008 order was issued, the mother underwent hospitalizations, several weeks of in-patient treatment and aftercare related to her escalating alcohol abuse. Her treatment records indicated that she had also attempted suicide and, while she denied having suicidal intent, she admitted that she had cut her wrists and overdosed on painkillers. Moreover, the record is replete with evidence that the parties were unable to effectively communicate regarding the child, most notably when the father was misled into believing that the mother was caring for the child at the maternal grandparents' residence, despite her absence for inpatient substance abuse treatment. The foregoing evidence amply demonstrated a significant change in circumstances requiring a reassessment of the existing custodial arrangement (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1130-1131 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *Matter of Nephew v Nephew*, 45 AD3d 1194, 1195 [2007]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660-661 [2001]).

The relevant factors in determining the custodial arrangement that would serve the child's best interests include "the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child['s] intellectual and emotional development" (*Matter of Wilson v Hendrickson*, 88 AD3d 1092, 1094 [2011] [internal quotation marks and citations omitted];

*accord Matter of Gasparro v Edwards*, 85 AD3d 1222, 1223 [2011]). The parties here both maintain a loving relationship with the child, but the father has provided a more stable home for her since obtaining physical custody. In addition, while neither party is without fault for the breakdown in their communication, the father has demonstrated a willingness to discuss the child's needs with the mother and to facilitate a relationship between them. The mother, in contrast, has repeatedly failed to relay important information to the father regarding the child, and inappropriately involved the child in the custody dispute. Indeed, the mother testified that she views the father as "an evil person with nothing but bad intentions," who is motivated solely by hatred for her. According due deference to Family Court's assessment of credibility, we perceive no basis upon which to disturb the award of legal and physical custody to the father (*see Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180 [2009]; *Matter of Burola v Meek*, 64 AD3d 962, 965-966 [2009]).

We have examined the mother's remaining contentions and find them to be unavailing.

Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the order is affirmed, without costs.