Stein, J.
The parties are the parents of a son (born in 2006). Pursuant to a June 2007 Family Court order entered upon stipulation of the parties, they shared joint legal custody, with respondent (hereinafter the mother) having primary physical custody. In July 2009, after petitioner (hereinafter the father) discovered that the mother and the child were living in squalid conditions, he commenced this proceeding to modify custody.[1] Following a hearing, Family Court awarded sole physical and legal custody to the father, with specified parenting time to the mother. The mother appeals and we affirm.
The record demonstrates the deplorable conditions of the mother’s home and of the child.[2] In contrast, the father’s home is spacious and clean and, since living with the father following the commencement of this proceeding, the child is healthier and has improved social and verbal skills. Thus, the father demonstrated a sufficient change in circumstances since the prior order[3] “reflecting a real need for change in order to insure the continued best interest of the child” (Matter of Eunice G. v Michael G., 85 AD3d 1339, 1339 [2011] [internal quotation marks and citations omitted]; see Matter of Cole v Reynolds, 8 AD3d 703, 704 [2004]; see generally Matter of Rosi v Moon, 84 AD3d 1445, 1446 [2011]), and the record amply supports the finding that modification of physical custody was warranted.[4]
Nor does our review of the record reveal any basis to disturb Family Court’s determinations that joint legal custody is inappropriate and sole legal custody to the father is in the child’s best interest. “While joint custody is an aspirational goal in every custody matter, such an award is inappropriate where [, as here,] the parties have demonstrated an inability to effectively *995 communicate or cooperate to raise the child[ ]” (Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1200 [2011] [internal quotation marks and citations omitted], lv denied 18 NY3d 803 [2012]; see Matter of Jennifer G. v Benjamin H., 84 AD3d 1433, 1434 [2011]). The record before us demonstrates that the parties knew each other for only a very short time before the child was conceived and that, despite attempts by the father, the mother has not meaningfully communicated with him about the care and welfare of the child. Although the mother attempted to explain her reluctance to do so and argues that the parties are capable of cooperating with regard to the child, Family Court— which had also presided over the initial custody proceeding— was in the best position to assess the credibility of the witnesses. According deference to such assessments (see Matter of Williams v Williams, 66 AD3d 1149, 1151 [2009]; Matter of Cole v Reynolds, 8 AD3d at 705), we find the determination to award sole legal custody to the father to be supported by a sound and substantial basis in the record.[5]
The mother’s remaining contentions have been reviewed and found to be without merit.
Mercure, J.E, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. The father also filed a family offense petition, which Family Court dismissed.

. Inexplicably, no action was taken by the Montgomery County Department of Social Services despite its investigation in 2007 and awareness of the wretched condition of the home.

. We recognize that, inasmuch as the prior order was based upon a stipulation of the parties, it is entitled to less weight than one based on a plenary trial (see Matter of Eunice G. v Michael G., 85 AD3d at 1340).

. Notably, the mother does not contest the transfer of physical custody to the father.

. Contrary to the argument of the attorney for the child, the provisions of the Bill of Rights for Children (which was annexed to the prior order of custody) requiring access by both parents to the child’s health and educational records were continued, as all but one paragraph of that document (relating to consultation between the parties) was expressly incorporated and merged into the current order.