Egan Jr., J.
Appeal from an order of the Family Court of Ulster County (Lalor, J.H.O.), entered December 12, 2012, which, among other things, granted respondent’s application, in six proceedings pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the father) and respondent (hereinaf *1177 ter the mother) are the parents of a daughter (born in 2005). The parties ended their eight-year relationship in July 2011 after the father allegedly confronted the mother in the shower of their Ulster County residence—holding a bottle of lighter fluid in one hand and a lighter in the other—and choked her. After the parties went their separate ways, they devised an informal custody/visitation schedule whereby the child resided with the mother during the week and spent weekends with the father in Albany County, where he initially resided with his sister.
In September 2011, the father commenced the first of these six proceedings seeking sole custody of the child, and the mother cross-petitioned for similar relief. Following the filing of additional petitions, a three-day hearing ensued, at the conclusion of which Family Court, among other things, awarded sole legal and physical custody to the mother and weekend visitation to the father.* The father now appeals.
We affirm. In fashioning an initial award of custody, Family Court must consider numerous factors—“including each parent’s ability to furnish and maintain a suitable and stable home environment for the child, past performance, relative fitness, ability to guide and provide for the child’s overall well-being and willingness to foster a positive relationship between the child and the other parent” (Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1200 [2011], lv denied 18 NY3d 803 [2012]; see Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014]; Matter of Joseph G. v Winifred G., 104 AD3d 1067, 1068 [2013], lv denied 21 NY3d 858 [2013]). Given Family Court’s superior ability to observe and assess the witnesses’ testimony and demeanor firsthand, its factual findings and credibility determinations—if supported by sound and substantial evidence—will not be disturbed (see Matter of Keen v Stephens, 114 AD3d at 1030; Matter of Darrow v Darrow, 106 AD3d 1388, 1390 [2013]).
Preliminarily, the record contains ample support for Family Court’s finding that an award of joint custody was not in the child’s best interests. “Although an award of joint custody is an aspirational goal in every custody matter, such an award is not feasible where, as here, the parties’ relationship and history evidences an inability to work and communicate with one another in a cooperative fashion” (Matter of Darrow v Darrow, 106 AD3d *1178 at 1390-1391 [internal quotation marks and citations omitted]; see Matter of Michael GG. v Melissa HH., 97 AD3d 993, 994-995 [2012]; Matter of Melissa WW. v Conley XX., 88 AD3d at 1200).
As for Family Court’s decision to award sole legal and physical custody to the mother, we recognize that the mother and the father each has documented shortcomings and has, at times, allowed the child to engage in what arguably qualify as age-inappropriate activities. Additionally, the record reflects that the father has consistently exercised the visitation afforded to him and that, during the time that he and the mother resided together as a family, was actively involved in caring for the child and participated in her various school activities. That said, at the time of the hearing, the father, who was enrolled in online college classes, was unemployed (having last worked in November 2011) and residing in his girlfriend’s two-bedroom residence in Albany County, and his sole source of income was unemployment insurance benefits. The father’s girlfriend has two daughters from a prior relationship and, on those weekends that the father’s and the girlfriend’s visitations with their respective offspring overlap, the child who is the subject of this proceeding shares a bunk bed with one of the girlfriend’s daughters. Although the mother, who remained in Ulster County, also resided in a two-bedroom residence with her boyfriend, who also had a daughter from a prior relationship, the mother testified that the child had her own room and, on the occasions when the boyfriend’s daughter was in residence overnight, there was a separate bed available for her. Additionally, the mother was employed on a full-time basis and was actively pursuing a nursing degree from a local community college. Finally, the record reflects that the mother made appropriate arrangements for childcare during those times when her work/school schedule otherwise conflicted with the child’s school schedule.
Although the father clearly loves the child and has been actively involved in her life, the record nonetheless reflects that the mother is able to afford the child a more stable and consistent home environment—notwithstanding the mother’s prior bouts with depression—and is the party more likely to facilitate and encourage a meaningful relationship between the child and the noncustodial parent. Accordingly, we discern no basis upon which to disturb Family Court’s award of sole legal and physical custody to the mother. To the extent that the court-appointed evaluator supported an award of custody to the mother and the attorney for child now argues in favor of an award of sole legal custody to the father, we note that the recommendations made *1179 by such individuals—although worthy of consideration if not otherwise contradicted by the record—are not binding upon either Family Court or this Court (see Matter of Conway v Gartmond, 108 AD3d 667, 668 [2013]; see also Matter of Shannon J. v Aaron P., 111 AD3d 829, 831 [2013]). The father’s remaining arguments in support of reversal, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Stein, J.E, McCarthy and Rose, JJ, concur.
Ordered that the order is affirmed, without costs.

 Specifically, Family Court awarded the father visitation with the child three out of every four weekends each month; if the month in question has five weekends, the mother is afforded a right of first refusal with respect thereto. Family Court also directed the parties to devise a holiday visitation schedule by way of a proposed order. To the extent that such order exists, it does not appear in the record before us.