Matter of Michael YY. v Teresa ZZ. (2025 NY Slip Op 05732)

Matter of Michael YY. v Teresa ZZ.

2025 NY Slip Op 05732

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-24-0960
[*1]In the Matter of Michael YY., Respondent,
v
Teresa ZZ., Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Christopher Hammond, Cooperstown, for appellant.
Butler, Mucci & Grace, LLP, Vestal (Matthew C. Butler of counsel), for respondent.
Susan B. McNeil, Slaterville Springs, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Broome County (Brett Noonan, J.), entered May 21, 2024, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Respondent (hereinafter the mother) and petitioner (hereinafter the father) are the parents of the subject child (born in 2014). In May 2021 the father petitioned to modify the previous order of custody, entered in December 2015, seeking primary physical custody of the child. In September 2022, Family Court ordered the parties to share joint physical custody of the child, alternating week-long periods of custody.[FN1] Subsequently, in February 2023, the father filed the instant petition by way of order to show cause, seeking sole legal and primary physical custody of the child. The father alleged, among other things, that there had been a change in circumstances, and that it was no longer in the child's best interests to primarily reside with the mother because the subject child had been removed from the mother's home based upon unsafe conditions found in the home following a visit from the Department of Social Services (hereinafter DSS).[FN2] Family Court held a multiday fact-finding hearing and a Lincoln hearing on the matter. In a May 2024 decision, the court granted the father's petition, awarding him primary physical custody of the child, allowing the mother to have custodial periods every other weekend and at least one night out of every week and ordered that the mother and the father share joint legal custody. The mother appeals.[FN3]
We affirm. As the party seeking to modify the prior order of custody, the father bore the burden to demonstrate "that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of David BB. v Danielle CC., 216 AD3d 1281, 1282 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of John M. v Tashina N., 218 AD3d 935, 936 [3d Dept 2023]). "A custodial determination depends to a great extent upon an assessment of the testimony, character and sincerity of the parties. For this reason, it is well established that, given its superior position to observe the witnesses, deference is ordinarily accorded to Family Court's findings in this respect" (Matter of Joanna PP. v Ohad PP., 230 AD3d 1445, 1447 [3d Dept 2024] [citations omitted]; see Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394 [3d Dept 2024]). Family Court credited the account of the DSS caseworker who observed the mother's residence in December 2022. The caseworker described the conditions in the residence as "chaotic" based upon her observation of cluttered spaces, laundry piled nearly from the floor to the ceiling, dishes piled up in the kitchen, a strong odor of rotting food and the existence of various pests. Family Court also credited the father's account of the poor conditions [*2]in the mother's residence, a longstanding concern that had precipitated prior removals of the child from the mother's care. Accordingly, despite the mother's attempt to minimize the significance of those conditions, we find that a sound and substantial basis supports Family Court's determination that there had been a change in circumstances since the prior order warranting a best interests analysis (see Matter of Tara DD. v Seth CC., 214 AD3d 1031, 1034 [3d Dept 2023]; Matter of Corey O. v Angela P., 203 AD3d 1450, 1451 [3d Dept 2022], appeal dismissed 38 NY3d 1050 [2022]; Matter of Palmatier v Carman, 125 AD3d 1139, 1140 [3d Dept 2015]; Matter of Michael GG. v Melissa HH., 97 AD3d 993, 994 [3d Dept 2012]).
For similar reasons, we agree that the record establishes that the child's best interests are served by Family Court's custodial determination. "In determining the best interests of the child, courts must consider, among other factors, the quality of the parents' respective home environments, each parent's past performance and ability to provide for the child's physical, mental, emotional and intellectual needs and the willingness of each parent to foster a positive relationship between the child and the other parent" (Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587-1588 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023]). In comparison to the conditions in the mother's residence, the testimony established that the father maintained a safe, clean and stable residence for the child and that the child had adapted well to the change and was thriving in her new school. The father also facilitated meaningful parenting time and contact between the child and the mother as he shouldered the responsibility of transporting the child to and from those visits. All told, giving deference to Family Court's credibility determinations, the record provides a sound and substantial basis supporting the court's award of primary physical custody to the father with designated meaningful parenting time for the mother, and we decline to disturb its decision (see Matter of Steven OO. v Amber PP., 227 AD3d 1154, 1156-1157 [3d Dept 2024]; Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1082 [3d Dept 2024]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court ordered that the child's primary residence would be with the mother for school purposes only.

Footnote 2: After the father filed his petition, Family Court ordered a child protective investigation pursuant to Family Ct Act § 1034 and thereafter granted the father temporary custody of the child while permitting the mother phone contact and parenting time with the child as agreed upon by the parties. The court further expanded the mother's contact and parenting time with the child in a subsequent temporary order in March 2023.

Footnote 3: On appeal, the attorney for the child supports the father's position.